OPINION
PER CURIAM.
Following a plea of guilty by William Neal Brunk in the Circuit Court of Wythe County, Virginia to the sale of marijuana, and Brunk’s agreement not to contest the forfeiture of $4,999 which had been taken from his person, the government filed its complaint for civil forfeiture of the real estate belonging to Brunk and his wife, which real estate was located in Wythe County, Virginia and which the government alleged constituted proceeds traceable to the sale of controlled substances, and also because the said real estate was used, or intended to be used, to commit or facilitate the commission of, a violation of Title II of the Controlled Substances Act. The notice of forfeiture was filed pursuant to 21 U.S.C. § 881(a)(6) and (7).
The forfeiture case came on for hearing by the district court which held the same on exhibits, depositions, and witnesses appearing and testifying ore terms in open court, and the district court filed its opinion in writing containing its findings of fact and conclusions of law.
The district court’s conclusion may be summarized in a quotation of a part of its opinion as follows:
... I conclude that the entire 90-acre parcel and the home permanently attached thereto was an instrumentality in the commission of the crime of distribution of marijuana and is subject to forfeiture under § 881.
There is also ample evidence to conclude that the property constitutes proceeds of illegal drug sales, and that the property is subject to forfeiture under § 881(a)(6).
The court then entered its decree of forfeiture of the real estate, vesting title in the United States and divesting title in the *148 real estate from William Neal Brunk and Teresa J. Brunk, his wife (J.A. 250), from which this appeal is taken.
On appeal, the Brunks argue that United States v. Bajakajian, 524 U.S. 321, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998), overruled our circuit precedent of United States v. Chandler, 36 F.3d 358 (4th Cir. 1994); that the forfeiture of the land involved was disproportionate to the gravity of the offense; and that there was no substantial evidence “... to support a finding that the property was purchased with monies that were the proceeds of the defendant’s offense.” These same arguments were made to the district court which held adversely to the Brunks in each instance. Our examination of the record convinces us, and we hold, that there is substantial evidence to support the finding of the district court that the property was purchased with monies which were the proceeds of illegal drug activity and that the property in question was an instrumentality in the distribution of marijuana. The remaining questions raised by the Brunks on appeal as decided by the district court are free from reversible error.
We are of opinion to, and do, affirm the judgment of the district court for the reasons sufficiently stated in its opinion in writing.

AFFIRMED.